**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**          JS-6

| | |
|---|---|
| The Bank of New York Mellon,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Ruben Oropeza,<br><br>　　　　　　　Defendant. | EDCV 16-29-VAP (SPx)<br><br>**ORDER GRANTING MOTION TO REMAND (DOC. NO. 8) AND VACATING THE APRIL 11, 2016 HEARING** |

　　On January 26, 2015, Plaintiff Bank of New York Mellon filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendant Ruben Oropeza in case number UDFS1500644.  (See Not. of Removal (Doc. No. 1) Ex. A.)  On March 4, 2016, Defendant, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that the Bank of New York violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal at 2-3.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

　　Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal

1

jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant argues that The Bank of New York's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (Not. of Removal at 3.) Specifically, Defendant contends that U.S. Bank violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse. (Id.) Accordingly, Defendant contends that the Bank of New York's violation of federal law confers this Court with federal question jurisdiction.

Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. From the face of the Complaint, however, the Bank of New York's only claim is for unlawful detainer, a California state law action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint). Furthermore, as the Ninth Circuit has held, the PTFA "does not create a private right of action." Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013). In other words, the Bank of New York is barred from suing Defendant under the PTFA. Thus, the argument that the Bank of New York has stated a federal claim under the PTFA upon which

this Court may exercise jurisdiction is without merit. As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action. See Cooper v. Washington Mut. Bank, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

The Court cautions Defendant that future attempts to remove this action may be grounds for monetary sanctions.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino and vacates the April 11, 2016 hearing.

**IT IS SO ORDERED.**

Dated:   4/1/16

Virginia A. Phillips
United States District Judge